**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BEVERLY and
WILLIAM ASHFORD,

        Plaintiffs,

v.

BANK OF AMERICA, N.A.,

        Defendant.
_____/

Case No. 13-12153
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 31, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss [dkt 6]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's Motion is GRANTED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

## II. BACKGROUND

**A. FACTUAL BACKGROUND**

This is a foreclosure case involving real property located at 2925 Hilltop Dr., Ann Arbor, Michigan 48103 (the "Property"). On November 24, 2004, Plaintiffs received a loan in the amount of $140,222.00 (the "Loan") from lender, Countrywide Home Loans, Inc. ("Countrywide") to refinance the

purchase of the Property. The Loan was insured by the Federal Housing Administration ("FHA"). On the same date, Plaintiffs executed a note (the "Note") in Countrywide's favor and, to secure repayment of the Loan, granted a mortgage interest in the Property (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS acted solely as nominee for Countrywide and its successors and assigns. The Mortgage was recorded with the Washtenaw County Register of Deeds on December 8, 2004. According to the terms of the Mortgage, if Plaintiffs failed to make the required payments under the Note, the lender and the lender's successors and assigns could commence foreclosure proceedings against the Property.

On August 20, 2010, the Mortgage was assigned to BAC Home Loans Servicing, LP ("BAC"). The assignment was recorded on September 1, 2010. Defendant Bank of American, N.A. ("Defendant BANA") is successor in interest by reason of merger to BAC.

Plaintiffs subsequently defaulted on their Loan. On August 20, 2010, Defendant BANA—through its foreclosure counsel, Trott & Trott, P.C.—sent Plaintiffs a foreclosure and housing counselor notice advising Plaintiffs of their right to contact a housing counselor and schedule a meeting to discuss loss mitigation and or modification options. According to Plaintiffs, they "applied for a loan modification in 2010, submitted all requested documents, but were either denied and/or never received a response." Plaintiffs further allege that a meeting occurred—though the date remains unclear—with Defendant BANA's agent, yet "Defendant [BANA] and its agent failed to properly evaluate or offer Plaintiffs [] a loan modification as required by statute . . . ."

Defendant BANA published notice of the foreclosure sale for four consecutive weeks, commencing on November 25, 2010. Additionally, notice of the foreclosure sale was affixed to the Property on December 3, 2010. Sometime in 2011, Plaintiffs contacted a housing counseling agency—Hope America in Ypsilanti, Michigan—and "again submitted an application for a loan modification,"

which was denied. The sheriff's sale was adjourned on a weekly basis from the original date on December 23, 2010 until July 19, 2012, when Defendant BANA purchased the Property. The statutory period to redeem the Property expired on January 19, 2013. Plaintiffs failed to redeem the Property.

**B. PROCEDURAL BACKGROUND**

Plaintiffs filed their complaint on April 17, 2013, in Washtenaw County Circuit Court. On May 15, 2013, Defendant BANA timely removed the matter to this Court on the basis of diversity jurisdiction.

In their Complaint, Plaintiffs allege claims against Defendant BANA for breach of contract (Count I), wrongful foreclosure/declaratory judgment (Count II), wrongful foreclosure (Count III), and violation of the Michigan Mortgage Brokers, Servicers, and Lenders Licensing Act, Mich. Comp. Laws § 445.1651 *et seq*. (Count IV). On June 14, 2013, Defendant BANA filed the instant Motion.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## IV. ANALYSIS

**A. EXPIRATION OF REDEMPTION PERIOD**

Defendant first argues that Plaintiff's complaint should be dismissed because there is no valid basis to overturn the sale of the Property after the redemption period terminated. The Court agrees.

In Michigan, foreclosures by advertisement are governed by statute. *Conlin v. Mortgage Elec. Reg. Sys.*, 714 F.3d 355, 358 (6th Cir. 2013) (citing *Munaco v. Bank of Am.*, No. 12–1325, 2013 WL 362752, at *3 (6th Cir. Jan. 31, 2013) and Mich. Comp. Laws § 600.3204). These statutes set forth the steps to validly foreclose and "also control the rights of both the mortgagee and mortgagor once the sale is completed." *Conlin*, 714 F.3d at 358 (citations omitted).

As recounted above, the statutory redemption period in this matter expired no later than January 19, 2013. Thus, the redemption period has indisputably lapsed and "all the right, title and interest which the mortgagor had at the time of the execution of the mortgage vests in the entity that purchased the foreclosed property in the sheriff's sale after the expiration of the redemption period." *Cronin v. Bank of Am.*, No. 12–13249, 2013 WL 2626739, at *3 (E.D. Mich. June 11, 2013) (citing *El-Seblani v. IndyMac Mortg. Servs.*, No. 12–1046, 2013 WL 69226, at *3 (6th Cir. Jan.7, 2013)); *Overton v. Mortg. Elec. Reg. Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Mich. Comp. Laws § 600.3236.

"Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Conlin*, 714 F.3d at 360 (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247–48, (1969)). This "misconduct must relate to the foreclosure procedure itself." *Id.* (citing *Freeman v. Wozniak*, 241 Mich. App. 633, 637–38 (2000)). Notably, the standard for showing fraud or irregularity is a stringent one and foreclosure will only be set aside if "'very good reasons' exist for doing so." *Kubicki v. Mortg. Elec. Reg. Sys.,* 292 Mich. App. 287, 289 (2011) (internal quotations omitted).

Michigan law provides that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio.*" *Kim v. JP Morgan Chase Bank*, 493 Mich. 98, 115 (2012). In order to set aside the foreclosure sale, "a plaintiff must show that they were prejudiced by defendant's failure to comply with Mich. Comp. Laws § 600.3204 [to set aside a foreclosure sale]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.* at 115–16.

Even accepting as true all factual allegations in Plaintiffs' complaint, the Court finds that Plaintiffs have failed to offer evidence of fraud or irregularity in the foreclosure procedure. First, the crux of Plaintiffs' supposed fraud or irregularity argument lies with the way in which Defendant BANA handled potential loss mitigation or modification options. This sort of challenge, however, has no bearing on the *foreclosure procedure itself. See Williams v. Pledged Prop. IL LLC*, 508 Fed. App'x 465, 468 (6th Cir. Dec. 13, 2012) ("Despite the fact that the [loan modification] negotiations may have taken place during the foreclosure process, these negotiations remained separate from the foreclosure process itself.") (internal citations omitted); *Shamoun v. Fed. Nat'l Mortg. Assoc.*, No. 12-15608, 2013 WL 2237906, at \*4 (E.D. Mich. May 21, 2013) (holding allegation that plaintiff was in the process of negotiating a loan

modification when the defendant foreclosed did not "constitute an irregularity sufficient to set aside the foreclosure sale").

Second, Plaintiffs' complaint is completely devoid of any assertions of fraud surrounding the foreclosure procedure. The Sixth Circuit has "interpreted [Fed. R. Civ. P] 9(b) to require that a plaintiff allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted). Plaintiffs failed to allege any sort of detail or particularity regarding who made false representations, when such representations were made, or why such representations were intentional. As such, Plaintiffs have failed to allege facts sufficient to demonstrate fraud in the foreclosure process.

Last, Plaintiffs failed to adequately allege the prejudice necessary to set aside the foreclosure sale. Plaintiffs contend that Defendant BANA's failure to properly evaluate them for loss mitigation or modification options were prejudicial to the extent that had such evaluation taken place, Plaintiffs would have "saved their home from foreclosure." Yet, it appears that Plaintiffs were in fact evaluated—and subsequently denied—by Defendant BANA for loss mitigation and or modification options no less than two times, as confirmed by Plaintiffs in their complaint. Plaintiffs' conclusory assertion that foreclosure would have been avoidable—without further support—falls considerably short of proving prejudice.

Having found that Plaintiffs failed to plead fraud, irregularity or prejudice in the foreclosure process, the Court dismisses Plaintiffs' complaint. Nonetheless, in the interests of justice the Court will briefly address the substance of Plaintiffs' Counts.

**B. COUNT I – BREACH OF CONTRACT**

Plaintiffs' contract claim is premised on two theories: (1) that Defendant BANA failed to comply with certain HUD[1] servicing regulations incorporated by reference into the Mortgage; and (2) that Defendant BANA breached the duty of good faith and fair dealing under the Mortgage. Because both theories lack merit, the Court dismisses Count I.

Plaintiffs cannot seriously dispute that no private right of action exists under the HUD regulations. *See Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989) ("[N]o express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies."). *See also Meyer v. Citimortgage, Inc.*, No. 11–13432, 2012 WL 511995, at *3 (E.D. Mich. Feb.16, 2012) ("It is well established that the National Housing Act and attending regulations do not expressly or implicitly create a private right of action to mortgagors for a mortgagee's noncompliance with the Act or regulations.").

Instead, Plaintiffs argue that they are not asserting a right of action under the HUD regulations but rather are seeking to enforce *the terms* of their contract (*i.e.*, Mortgage) with Defendant BANA, which Plaintiffs argue incorporates the HUD servicing regulations. According to Plaintiffs, these regulations are integrated through paragraph 9(d) of the Mortgage: "Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclosure if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." Certain of the HUD regulations required Defendant BANA to engage in loss mitigation and, Plaintiffs argue, Defendant BANA failed to properly evaluate Plaintiffs for loss mitigation and or modification. The Court finds Plaintiffs' position unavailing.

---

[1] "HUD" is the acronym for U.S. Department of Housing and Urban Development.

7

Michigan courts have held that, under the preexisting duty rule, a breach of contract claim cannot be premised on an obligation that the defendant was already required under law to perform. *See Lufthansa Cargo A.G. v. Cnty. of Wayne*, No. 01–74579, 2002 WL 31008373, at \*4 (E.D. Mich. Aug. 16, 2002) (citing Gen. Aviation, Inc. v. Capital Region Airport Auth., 224 Mich. App. 710, 714–15 (1997)), *aff'd* 142 F. App'x 265 (6th Cir. 2004); *see also Romero v. Buhimschi*, 396 F. App'x 224, 233–34 (6th Cir. 2010). Because Defendant BANA had a preexisting statutory duty to comply with the HUD regulations, Plaintiffs cannot maintain an independent contract claim based on the alleged violation of those federal regulations.

Indeed, the Court's holding on this issue garners support from within this District. *See Dixon v. Wells Fargo Bank, N.A.*, No. 12-10174, 2012 WL 4450502 (E.D. Mich. Sept. 25, 2012) (concluding that, because the defendant had an independent statutory duty to comply with the HUD regulations, the plaintiffs could not invoke a breach of that duty as a basis for a private contract claim); *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, No. 10–13780, 2011 WL 4905533 (E.D. Mich. Oct. 14, 2011), *rev'd on other grounds*, 505 F. App'x 543 (6th Cir. 2012) (holding that the preexisting duty rule precludes the plaintiff from asserting a breach of contract claim based on the defendant's failure to comply with preexisting, statutory duties under the National Housing Act). As such, Plaintiffs' Count I is dismissed to the extent that Plaintiffs assert Defendant BANA failed to comply with certain HUD servicing regulations incorporated into the Mortgage.

Plaintiffs also argue that Defendant BANA breach the implied covenant of good faith and fair dealing by violating the express terms of the Mortgage. Michigan courts do not recognize such a cause of action where the contract does not make the manner of performance discretionary. *See, e.g.*, *Coyer v. HSBC Mortg. Servs.*, No. 10–14339, 2011 WL 4502087, at \*5 (E.D. Mich. Sept. 28, 2011) (citing *Fodale v. Waste Mgmt. of Michigan*, 271 Mich. App. 11, 35 (2006) (citing *Belle Isle Grill Corp. v. Detroit*, 256

8

Mich. App. 463, 476, (2003))). Here, Plaintiffs do not—and cannot—seriously contend that Defendant BANA's compliance with the HUD regulations was discretionary. Therefore, Plaintiffs' claim for breach of good faith and dealing is dismissed.

**C. COUNT II – WRONGFUL FORECLOSURE (FAILURE TO COMPLY WITH LOAN MODIFICATION STATUTE)**

In Count II, Plaintiffs allege that Defendant BANA "failed to properly evaluate or offer Plaintiffs for a loan modification as required by statute even though . . . Plaintiffs are eligible for a loan modification" under Mich. Comp. Laws § 600.3205c. Section 3205c provides in relevant part:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification . . . the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Mich. Comp. Laws § 600.3205c(8). It appears Plaintiffs seek to convert the foreclosure by advertisement into a judicial foreclosure under section 3205c. The Court finds Plaintiffs' claim meritless for several reasons.

First, the statute does not require mortgage holders or servicers to modify a loan and, therefore, the failure to modify does not provide an independent basis for finding a statutory violation. *Dingman v. One West Bank, FSB*, 899 F. Supp. 2d 912, 922 (E.D. Mich. 2012). Second, although Plaintiffs make the unsupported claim that they were, in fact, qualified for a modification, they provide no alternative calculation showing that their income was sufficient to warrant a modification under the statutory guidelines, nor do they offer facts showing why they believed they qualified for a modification. Plaintiffs' bare assertions to the contrary are insufficient to sustain their claim.

9

Last, and most fatal, the statute provides for a specific remedy in cases where a foreclosure by advertisement is commenced in violation of the loan modification statute: "the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8). Here, the foreclosure is completed. Even assuming Plaintiffs were entitled to a loan modification—which they failed to plead—they cannot obtain the relief sought because section 3205c mandates that a borrower's sole relief for an alleged violation of the loan modification statutes is to seek conversion of the foreclosure sale to a judicial foreclosure *prior* to the sale. *See Connolly v. Deutsche Bank Nat. Trust Co.*, No. 12-12517, 2013 WL 4084742, at *9 (E.D. Mich. Aug. 13, 2013). *See also Ellison v. JP Morgan Chase, NA*, No. 12-12629, 2012 WL 4513799, at *5 (E.D. Mich. Oct. 2, 2012) ("[S]ection 600.3205c does not . . . provide any basis for unwinding the foreclosure."). Count II of Plaintiffs' complaint is therefore dismissed for failure to state a claim.

### D. COUNT III – WRONGFUL FORECLOSURE (FAILURE TO COMPLY WITH FORECLOSURE BY ADVERTISEMENT STATUTE)

In Count III, Plaintiffs contend that Defendant BANA "unreasonably" adjourned the foreclosure sale on myriad occasions such that Defendant BANA's actions violated Mich. Comp. Laws § 600.3220 and the doctrine of laches. The Court will address each argument in turn.

Adjournments of a foreclosure sale are governed by Mich. Comp. Laws § 600.3220, which states:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the

> time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

Mich. Comp. Laws § 600.3220.  "Under Michigan law, an adjournment of one week or less is valid if notice of the adjournment is posted before or at the time of the sale and at the place where the sale is to be made.  If the adjournment is for more than one week, however, notice must also be published in the newspaper in which the original notice was published[.]"  *Bramlage v. Wells Fargo Home Mortg., Inc.*, 144 Fed. App'x 489, 491 (6th Cir. 2005).

In the instant case, the sale was adjourned in one-week increments from December 23, 2010 until July 19, 2012.  Accordingly, under section 3220, Defendant BANA was required to post notice of adjournment before or at the time of the sale, and at the location of the sale.  The only allegation Plaintiffs have brought against Defendant BANA regarding section 3220 is that they "lacked adequate notice" of the adjournment.  The Court finds this allegation disingenuous at best.

Defendant BANA attached to its Motion eighty-three notices of adjournment, all of which (1) bear the signature of Deputy Sheriff James, (2) contain the following oath: "I, the above-signed oath and say that I posted the Notice of Adjournment before or at the time of the sale *and at the place of the sale*," and (3) illustrate that the foreclosure sale of Plaintiff's Property was adjourned on a weekly basis from December 23, 2010 until July 19, 2012.  Notably, Plaintiffs do not allege that they went to the place of sale at any time to see if the notice of adjournments were posted.  Other than Plaintiffs' conclusory statement that they lacked notice of adjournments, Plaintiffs have wholly failed to offer the Court *any* evidence taking this claim beyond the "speculative level" and into the realm of plausibility.  *See Twombly*, 550 U.S. at 555, 570.  As such, Plaintiffs' have failed to state a claim under Mich. Comp. Laws § 600.3220.

Plaintiffs next argue that Defendant BANA violated the doctrine of laches by adjourning the "sale so many times that the adjournment became unreasonable."  Under Michigan law, the affirmative defense

of laches requires proof of "a lack of due diligence on the part of the plaintiff resulting in some prejudice to the defendant." *Gallagher v. Keefe*, 232 Mich. App. 363, 369 (1998). "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 320 (6th Cir. 2001). Thus, by definition, the doctrine of laches is an *affirmative defense* utilized only to shield a defendant from an asserted claim. The assertion of this doctrine by Plaintiffs is therefore questionable, given that Defendant BANA has no pending claims against Plaintiffs. Moreover, Plaintiffs have provided no authority to the Court establishing the doctrine's applicability to adjournments of foreclosure sales. Plaintiffs' laches claim must therefore fail.

### E. COUNT IV – MICHIGAN MORTGAGE BROKERS, SERVICERS, AND LENDERS LICENSING ACT

In their response brief, Plaintiffs abandon their claim under the Michigan Mortgage Brokers, Servicers, and Lenders Licensing Act by stating that "the [Act] does not apply to Defendant [BANA]." Accordingly, the Court dismisses Count IV.

### CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant BANA's Motion to Dismiss [dkt 6] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                                   s/Lawrence P. Zatkoff
                                                   Hon. Lawrence P. Zatkoff
                                                   U.S. District Judge

Dated: October 31, 2013